1  KAREN P. HEWITT
United States Attorney
2  JOHN R. KRAEMER
Assistant U.S. Attorney
3  California State Bar No. 110756
Federal Office Building
4  880 Front Street, Room 6293
San Diego, CA 92101-8893
5  Telephone: (619) 557-2934
Email: john.kraemer@usdoj.gov
6
Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,              )  Criminal Case No. 08cr1634-DMS
                                          )
11              Plaintiff,                )  Date:  August 22, 2008
                                          )  Time:  11:00 a.m.
12        v.                              )
                                          )  GOVERNMENT'S RESPONSE AND
13 GILBERTO GAMEZ-RIVERA (1),             )  OPPOSITION TO DEFENDANT'S
                                          )  MOTIONS TO:
14              Defendant.                )
                                          )  (1)  COMPEL DISCOVERY;
15                                        )  (2)  PRESERVE EVIDENCE; AND
                                          )  (3)  GRANT LEAVE TO FILE FURTHER
16                                        )       MOTIONS;
                                          )
17                                        )  TOGETHER WITH GOVERNMENT'S
                                          )  REQUEST FOR RECIPROCAL DISCOVERY
18 _____)

19    The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewit,

20 United States Attorney, and John R. Kraemer, Assistant United States Attorney, hereby files its response

21 and opposition to defendant's pre-trial motions, together with the Government's request for reciprocal

22 discovery.

23                                    **I**

24                          **STATEMENT OF FACTS**

25    **A.    CHARGES AND CASE STATUS**

26    On May 21, 2008, a federal grand jury returned a two-count indictment charging defendant

27 Gilberto Gamez-Rivera (hereafter Gamez) with Importation of Cocaine in violation of Title 21,

28 United States Code, Sections 952 and 960 (Count 1) and Possession of Cocaine with Intent to Distribute

1  in violation of Title 21, United States Code, Section 841(a)(1) (Count 2). The amount of cocaine alleged
2  in the indictment is 27.70 kilograms (60.94 pounds). The case is currently set for a motions hearing
3  on August 22, 2008 at 11:00 a.m.

### B.   THE OFFENSE

On May 7, 2007, at approximately 1:06 p.m., defendant Gilberto Gamez-Rivera (hereafter "Gamez") drove a 2004 Nissan Maxima bearing California license plates from Mexico to the Calexico East port of entry at Calexico, California. At primary inspection, Gamez, who had a permanent resident alien card ("green card") made a negative customs declaration and told United States Customs and Border Protection Officer ("CBPO") W. Blanchette that he was going to the Calexico Wal-Mart and then home. Blanchette referred Gamez for what is called a "block blitz" inspection.

At about 1:10 p.m., CBPO E. Smura's narcotic detector dog, Kora, alerted to the undercarriage of the vehicle. Smura advised CBPO S. Baca of the alert and asked Baca to inspect the vehicle.

CBPO Baca made contact with Gamez who again made a negative customs declaration. Gamez said that the vehicle belonged to him and that it was registered in his name. Gamez said that he was going to El Centro where he resided. Baca escorted Gamez to the secondary inspection office where a pat down search was conducted with negative results.

A further inspection of the Maxima revealed a total of 25 packages of cocaine, weighing approximately 27.7 kilograms (60.94 pounds) hidden inside non-factory made compartments in the rocker panels on both sides of the car.

At approximately 2:20 p.m., United States Immigration and Customs Enforcement ("ICE") Special Agents Cole Dotson and Hugo Leon arrived at the port of entry. Upon arrival, Dotson inspected the Maxima. Dotson noticed that the key chain contained only the vehicle's ignition key. The front passenger side floorboard contained Gamez' pay stubs for the period of December 14, 2006 through January 20, 2008. Also found in the Maxima was a California salvage title, current vehicle registration, and a smog certificate from a business in Calexico, California dated March 27, 2008. Dotson also conducted a search of Gamez' wallet and two cell phones.

At approximately 3:21 p.m., Gamez was advised of his <u>Miranda</u> rights by Agent Leon in the Spanish language as witnessed by Agent Dotson. Gamez acknowledged his rights and agreed to answer questions. Among other things, Gamez said that he knew the vehicle contained cocaine, but did not know how much. Gamez said he was to receive a payment of $3,500 for transporting the cocaine.

**II**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    DEFENDANT'S DISCOVERY REQUESTS**

The following is the Government's response to defendant's discovery requests:

**1.    Statements of Defendant**

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) and (B) by providing defendant statements. A DVD containing defendant's post-arrest statements has been provided to the defense.

**2.    Arrest Reports, Notes, Dispatch Tapes**

The Government has provided the defendant with arrest reports. Relevant oral statements of the defendant are included in the reports and materials already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519 (9th Cir. 1992); <u>United States v. Spencer</u>, 618 F.2d 605 (9th Cir. 1980); <u>see also</u> <u>United States v. Griffin</u>, 659 F.2d 932 (9th Cir. 1981).

There are no known dispatch tapes in this port of entry case.

**3.    Brady Material/Information Material to Sentence**

The Government will comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) in providing information material to guilt or punishment.

**4.    Defendant's Prior Criminal Record**

The Government is unaware of any prior criminal record but will provide such records if they become known.

### 5. 404(b) Evidence/TECS Records

The Government will disclose 404(b) evidence, if any. If the Government intends to introduce TECS records in its case-in-chief as 404(b) evidence, the Government will make appropriate disclosures.

### 6. Evidence Seized

The Government will comply with Federal Rule of Criminal Procedure 16(a)(1)(E) in allowing defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at trial, or were obtained from or belong to the defendant, including photographs.

The Government, however need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

### 7. Preservation of Evidence

The Government will preserve the evidence in this case. Because the bulk narcotics evidence is typically destroyed within a 60-day period, defense counsel should undertake any inspection of the narcotics that may be authorized by the Court without delay.

### 8. Tangible Evidence

The Government will comply with Fed.R.Crim.P. 16(a)(1)(C) in providing defendants an opportunity to inspect and copy the evidence.

### 9. Evidence of Bias or Motive to Lie

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its witnesses, but will make appropriate disclosures if such information should become known. See Napue v. Illinois, 360 U.S. 264 (1959); Mooney v. Holohan, 294 U.S. 103 (1935).

### 10. Impeachment Evidence

1  As noted above, the Government will comply with its obligations under <u>Brady v. Maryland</u>,
2  373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

3  However, under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S.
4  97 (1976), the Government must only disclose <u>exculpatory</u> evidence <u>within</u> <u>its</u> <u>possession</u> that is
5  <u>material</u> to the issue of guilt or punishment. <u>See</u> <u>also</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774 (9th
6  Cir. 1980).

7  Under <u>Brady</u>, the suppression by the prosecution of evidence favorable to the accused violates
8  due process where the evidence is material to guilt or innocence. <u>United States v. Bagley</u>, 473 U.S. 667
9  (1985). Favorable evidence includes impeachment evidence. <u>United States v. Bagley</u>, 473 U.S. 667
10 (1985).

11 Defendants are not entitled to <u>all</u> evidence which is or may be favorable to the accused or which
12 pertains to the credibility of the Government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770
13 (9th Cir. 1980):

> [I]n response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

17 <u>Id.</u> at 774-775.

18 Although the Government will provide conviction records, if any, which could be used to
19 impeach a witness, the Government is under no obligation to turn over the criminal records of all
20 witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 1074
21 (1977). When disclosing such information, disclosure need only extend to witnesses the Government
22 intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983);
23 <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

24 The Government will turn over evidence within its possession which could be used to properly
25 impeach a witness who has been called to testify. Defendants are not entitled, however, to any and all
26 evidence that a prospective witness is under investigation by federal, state or local authorities for
27 misconduct.

28

### 11. Witness Addresses

There is no requirement that the Government provide a defendant in a non-capital case with a list of witnesses it expects to call at the trial or their statements, and defendant's motion for such a list should be denied.

In United States v. Jones, 612 F.2d 453 (9th Cir. 1979), cert. denied, 455 U.S. 966 (1980), the Ninth Circuit stated:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. Section 3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

### 12. Name of Witnesses Favorable to Defendant/Material Witness

The Government knows of no witnesses favorable to the defense. The Government will provide defendant the name of any such witnesses should they become known to the Government.

### 13. Statements Relevant to Defense

The Government will provide defendant with statements relevant to the defense.

### 14. Jencks Act Material

The Government will comply with its obligations pursuant to the Jencks Act.

### 15. Giglio Information

The Government will comply with its obligations pursuant to Giglio v. United States, 405 U.S. 150 (1972).

### 16. Scientific Tests/expert Summaries

The Government will comply with Rule 16(a)(1)(F) in providing reports of tests and examinations and summaries of expert testimony, if any pursuant to Rule 16(a)(1)(G).

### 17. Personnel Files and Related Information

The prosecutor assigned to the case is under no obligation to personally examine the personnel files of testifying agents and defendant's request in this regard must be denied. United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (see Gamez' motion at p. 6). Rather, the Government will

comply with its obligations under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) pursuant to established procedures.

### 18. Expert Witnesses

The Government will comply with Rule 16(a)(1)(G) pertaining to expert witnesses.

### 19. Informants and Cooperating Witnesses

Counsel for the Government has been advised by law enforcement that Gamez' arrest was <u>not</u> as a result of information received by or the use of a confidential informant.

### 20. Narcotics Detector Dog Information

Defendant's request for discovery regarding the narcotics detector dog and the training and qualifications of the dog's handler is made without citation to any authority or facts warranting such disclosure. Defendant's motion in this regard must therefore be denied.

### 21. Training Materials, Performance Goals, and Policy Awards

Defendant's requests at pp. 7-8 of his discovery motion for various materials and manuals regarding law enforcement training and law enforcement "performance goals" and "policy awards" is made without citation to any authority and must be denied.

## B. LEAVE TO FILE FURTHER MOTIONS

The United States defers to the Court whether to allow the filing of further motions by defendant Gamez.

## III

## GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

### A. RULE 16(B)

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in

connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom defendant intends to call as a witness. Because the United States will comply with defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### B. **RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports

## IV

## **CONCLUSION**

For the above stated reasons, the Government requests that the defendant's motions be denied where indicated and the Government's request for reciprocal discovery be granted.

Dated: July 31, 2008

                               Respectfully submitted,

                               KAREN P. HEWITT
                               United States Attorney

                               s/John R. Kraemer
                               JOHN R. KRAEMER
                               Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr1634-DMS |
| Plaintiff, | ) | |
| v. | ) | |
| GILBERTO GAMEZ-RIVERA (1), | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, JOHN R. KRAEMER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to defendant's pre-trial motions together with the Government's request for reciprocal discovery by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Leila W. Morgan
225 Broadway, Suite 900
San Diego, CA 92101-5008
Email: Leila_Morgan@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2008.

s/John R. Kraemer
JOHN R. KRAEMER

08CR1634-DMS